[No. 11890.   Department One.   July 18, 1814.]

MARY GREEN FISKE KORSTAD, *Appellant,* v.
LEWIE WILLIAMS *et al., Respondents.*[1]

ASSOCIATIONS — CONTRACTS — LIABILITY OF MEMBERS — ACTIONS—
PLEADING—DEFENSES. The fact that the local members of a fraternity
entered into a lease executed by the president and secretary in the
name of the association, does not preclude the landlord, in suing for
rent, from alleging that the members were a voluntary association
and contracted as copartners; and it would be no defense to the
action that there was a duly organized corporation in another state
of the same name assumed by the tenants in the lease.

Appeal from a judgment of the superior court for King
county, Humphries, J., entered January 22, 1914, upon
granting a nonsuit, dismissing an action on contract, and
for damages, after a trial to the court.   Reversed.

*J. William Hoar* and *Martin Korstad,* for appellant.

*Arthur C. Dresbach* and *Willett & Oleson,* for respondents.

CHADWICK, J.—Plaintiff brought this action to recover
for rents due under a contract, the preamble of which
reads as follows:

"Seattle, King Co. State of Washington.
"This lease made and entered into this eleventh day of
March, 1909, by and between Mary E. Green and Mary
Green Fiske, hereinafter referred to as the owners, and the
Alpha Tau Omega Fraternity, by Lewie Williams, its Pres-
ident and Russell Parker, its Secretary, hereinafter referred
to as the tenant, Witnesseth:  . . ."

The lease is signed Alpha Tau Omega Fraternity, by
Lewie Williams, Pres., and Russell Parker, Secy.

Other causes of action not necessary to be mentioned here
are set up.   It is alleged in the amended complaint that "the
defendants above named at all times herein mentioned were
and now are associated together as an association doing
business under the name of Alpha Tau Omega Fraternity and

[1]Reported in 141 Pac. 881.

as such are copartners." During the progress of the case, the court struck out the words "and as such are copartners." This the trial court held to be a conclusion of law. The case came on for trial before the court without a jury, and the following proceedings, among others, were had:

"Mr. Willett: The Court will notice that it (the amended complaint) does not state what they are—whether the fraternity is incorporated or not. The Court: A co-partnership. Mr. Hoar: We alleged, if the Court pleases, that they were co-partners. They made a motion to strike that, as a legal conclusion, and I believe you sustained them on that ground. The Court: Oh, you alleged they were co-partners? . . . Mr. Willett: The Court properly struck it. I want to call the Court's attention to the first paragraph of the first affirmative defense. The Court: I did not strike that out, did I—where they say they are doing business as a co-partnership? Mr. Willett: Well, that is not what they alleged. They said as an association, as such association they were co-partners. That is a legal conclusion, and your Honor struck it. The Court: I ought not to have done that. Mr. Willett: It is there—it is an allegation that they are co-partners. I think that it is a conclusion of law that they are co-partners. That is what that is. Your Honor properly struck it without any question. The Court: Well, now we will try it as a co-partnership. Mr. Willett: Well, we are perfectly willing; because they are not. The Court: Well, we will go ahead now. Let me see, they were a co-partnership doing business under that name. There are fraternities incorporated and fraternities not incorporated and if the fraternity boys are doing business under this name and have their presidents and secretaries or agents and rent a building, why then it has to be something. Mr. Willett: It is. The Court: It has got to to be something, if they get people into court and they are doing business that way. Mr. Dresbach: They cannot play hide-and-go-seek with us. If they are going to be a co-partnership, why then we want them to stick to it. The Court: Well, they are not a corporation. Of course, if they were a corporation, they would be sued as a corporation. Mr. Willett: Well, that does not follow:—They should have sued us as a corporation, if the Court pleases.

The Court: Is it a corporation or not? Mr. Willett: It is the Alpha Tau Omega Fraternity, a corporation. Mr. Korstad: Where are your articles filed? Mr. Willett: It is a Maryland corporation. Mr. Korstad: Yes, but they are not organized to do business in this state. Mr. Willett: It does not make any difference; you cannot sue us. The Court: Well, I will tell you; you ought to raise that before you get to trial. I sued some parties as a partnership and that they were not, but corporations, and got thrown out of court. Mr. Willett: That is the way they are going to be. The Court: Brother Korstad, you ought to have alleged they were a corporation. Mr. Korstad: I have been unable to find such facts. If they can show me, why we will concede that fact, your Honor. Mr. Willett: We are not required to file articles of incorporation out of the state,—only of a business corporation. The Court: What is the fact about that, now? I will ask you about that. Here is a corporation organized under the laws of the State of Maryland. It has got its president and secretary and corporate seal and doing business as a corporation. Mr. Willett: For social and fraternal purposes only, you understand; not business. The Court: Well, I say, it does not make any difference. It is a corporation and has got its president and secretary and seal and board of trustees, I suppose; got all of them, hasn't it? Mr. Willett: Oh, yes. Mr. Dresbach: It is a national organization. The Court: And the corporation having rented this place, why the boys would not have any liability at all. Isn't that a fact, now as a matter of law? Mr. Willett: That is a fact, and the corporation is not liable unless it was executed by the corporation. That is the situation. . . . The Court: Who signed the lease? Mr. Hoar: It is the local officers, not the national officers at all. It is people who claim to be the officers of a local bunch of fellows here. The Court: Let me see the lease. . . . The Court: Why it purports authority on the face of it. . . . It looks to me like you have got this thing terribly mixed up here. 'Comes now the plaintiff and for cause of action against the defendants alleges that said defendants above named at all times were and now are associated together and are doing business under the name of the Alpha Tau Omega Fraternity and as such are co-partners.' Now, you cannot come

within a mile of proving that, according to this lease. Mr.
Hoar: I don't see why, Your Honor. The Court: Why,
because it is a corporation. . . . Yes, sued on contract.
Why, of course, I never knew that until now, that that was
the kind of a case you had. Mr. Willett: They are not
sued on occupation. They are just sued on contract. The
Court: I had supposed you were suing these boys as a kind
of an association or co-partnership. I had no idea you were
bringing it up this way. . . . Are not these gentlemen
the president and secretary? They say so. Mr. Hoar: Of
the local organization, your Honor, of the people who ac-
tually occupy the premises. The Court: Where is this in-
corporation recorded? Mr. Hoar: Well, I don't know,
your Honor. We don't know anything about that. . . .
So far as the renting of these premises is concerned, your
Honor, this corporation is merely a voluntary association.
The lease was not entered into with them as a corporation,
but merely as a voluntary club and you know many of them
have a president and secretary. The Court: Yes, but this
lease is entered into as a corporation. Mr. Hoar: The na-
tional corporation did not have anything to do with it. The
national organization did not sign it. The Court: Well,
the boys did not sign it, either. 'The Alpha Tau Omega
Fraternity, by Lewie Williams, President, and Russell Par-
ker, Secretary.' . . . Why didn't you sue the national
corporation for this debt? Mr. Hoar: Because we were
not dealing with the national corporation, if the Court
pleases. The Court: Here it is here. Mr. Hoar: The Na-
tional officers are not signed to that at all. Lewie Williams
was merely president of the local organization here. The
Court: Let me see what I have got here. 'This lease made
and entered into this 11th day of March, 1909, by and be-
tween Mary Green Fiske.' If that is not signed by a cor-
poration, it is funny to me. Mr. Hoar: It does not say so,
your Honor. Mr. Korstad: It does not say incorporated.
The Court: Well, it purports a corporation. Mr. Hoar:
Not necessarily, your Honor. You take a voluntary club
like this, a club of fellows who live together,—they say they
are for social purposes. The Court: Well now, if it should
turn out from the evidence that this was a corporation, as
Tom Watson said about the Populist party, 'Where are we
at?' Mr. Hoar: Well, it all depends on the way they sign

that, if the Court pleases. The Court: Well, it is a corpo-
ration that signed it. Mr. Hoar: No, it does not say so, your
Honor, because the President does not always sign as a cor-
poration. The Court: It purports it is a corporation. Mr.
Hoar: All these clubs and any other club would have their
president and their secretary and even political meetings
without any formation, elect their own presidents; and so it
would not signify. The Court: It looks to me for your
own benefit that, where this is a corporation as plain as
this is, on this lease, you should have sued the corporation.
Mr. Hoar: But if your Honor pleases, this lease was made
for the benefit of the members who live here in Seattle and
who attend the college and was signed by them for their
special benefit. It was not signed by the national organiza-
tion. They lived there. They had their own manager that
ran the house. The Court: Well, this man is either misrep-
resenting himself as president, and this secretary, or they
are the president and secretary of the corporation. . . .
Mr. Hoar: Here is a case where the men attending school
here, go over and look at the house and all dealings were
made with the local organization, nothing said about the
national organization; and simply signed on behalf of the
local men, and the national organization had nothing to do
with it. We can clearly show that. The Court: Well, how
are you going to show that? Mr. Hoar: By the
testimony of the plaintiff who entered into the agree-
ment. . . . I would like to show just who these
parties were she was dealing with at the time. Now,
Mrs. Korstad— The Court: I will sustain the objec-
tion and give you an exception. Q. I will ask you with
whom you were dealing at the time the lease was signed?
Mr. Willett: Just a moment. I object to that, if the Court
pleases, as calling for a conclusion from the witness and at-
tempting to vary the terms of a written instrument. The
Court: Sustained. Exception. Q. I will ask you if, at the
time this lease was signed, you were informed that there
was any such organization, a national organization or na-
tional corporation, known as the Alpha Tau Omega Frater-
nity? Mr. Willett: I object to that. A. No, I was not.
The Court: Sustained. It shows on the face of it. Mr.
Hoar: It says, The Alpha Tau Omego Fraternity, your
Honor, but it does not say that it is a corporation. The

Court: Yes, it says by president and secretary. Mr. Hoar: It says by president and secretary, but it does not show that is the national organization. It does not show it was a corporation. The Court: It shows she was dealing with a corporation. Mr. Hoar: No, it· does not, your Honor. The Court: I will sustain the objection. You can make up your record. I don't think you can recover against these boys but you can make up your record. Q. I will ask you, Mrs. Korstad, in all of your dealings prior to and at the time of the signing of this lease, with whom you were dealing,—whether with the local members of the Alpha Tau Omega Fraternity or with the national organization? Mr. Willett: I object to that, if the court pleases. The Court: sustained, and exception. ·I think the lease shows she was dealing with the fraternity as a corporation. That does not estop you from suing the proper party. The Court: I guess the boys have got you. Mr. Willett: Absolutely. Mr. Hoar: If your Honor please, that would be a very unjust ruling to let those people hold those premises and still not pay for it, when they have been holding it two and a half years and not binding them for rent. The Court: I know, but you contracted with this corporation, and these boys are simply members of a certain fraternity. Mr. Hoar: We have not contracted with a corporation, if your Honor please. We have contracted with these boys. The Court: I think you have. Mr. Hoar: No matter what term they use, they— The Court: You would be out just the same, because if you attempted to prove that each one of these boys contracted with you, you could not do it. And where a name is used which imports a corporation, under the authorities, and you deal with a name that imports a corporation and sign it as president and secretary, why you are estopped, yourself, to say it is not a corporation."

It will be seen that, contrary to the first and correct impulse of the trial judge, the allegation that the defendant association was a copartnership should not have been stricken, and after reasoning in an ever widening circle away from the fundamental principle of the law that the real parties to a contract and those liable˙ thereunder may be shown under an allegation of copartnership or voluntary association, and that the defendants not named in the lease

might be shown to have acted through the agency of the president and secretary of the alleged voluntary association, he held that the lease purported to be signed by a corporation and that no recovery could be had. There is nothing in the pleadings or the evidence, so far as the court took any testimony, to show that plaintiff and her assignor ever contracted with the association as a corporation. She is not bound by any rule of estoppel apparent to us from a careful inspection of the record, and we will not discuss this and other abstract propositions of the law so learnedly discussed by counsel, for it is our opinion that a mere statement of the case is enough without consuming our time or space in our reports.

However, it may be understood, in the event of a new trial, that the fact that there is a national association known as the Alpha Tau Omega Fraternity, incorporated under the laws of the state of Maryland, would in no way be a defense to the action in the case at bar. It is not shown, nor do we understand it to be contended, that that corporation was in any way a party to this contract. The parties defendant had a legal right to contract, if they did contract, with the plaintiff and her assignor under any name they saw fit to use. Having contracted, it would be an injustice calling for the operation of the doctrine of estoppel to now say that they contracted as a corporation and that the proof of it lies in the fact that the lease was signed by one as president and another as secretary, and that there is somewhere on the face of the earth a corporation having the name under which they contracted.

The judgment is reversed, and remanded for further proceedings.

CROW, C. J., GOSE, ELLIS, and MAIN, JJ., concur.